OPINION
Defendant Deon Patrick Glover appeals a judgment of the Court of Common Pleas of Stark County, Ohio, convicting and sentencing him for one count of possession of cocaine in violation of R.C.2925.11, after a jury found him guilty. The jury returned a finding appellant possessed crack-cocaine in an amount exceeding twenty-five grams but less than one hundred grams. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 I. APPELLANT WAS DENIED HS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN APPELLANT'S COUNSEL FAILED TO MOVE FOR THE SUPPRESSION OF STATEMENTS MADE BY THE APPELLANT WHILE APPELLANT WAS UNDER ARREST BUT BEFORE HE WAS MADE AWARE OF HIS CONSTITUTIONAL RIGHTS.
 II. THE TRIAL COURT'S JUDGMENT THAT APPELLANT POSSESSED COCAINE IN A QUANTITY EXCEEDING 25 GRAMS, BUT NOT EXCEEDING 100 GRAMS WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
The record indicates appellant was arrested at the home of Patricia Ragland. Officers of the police department went to the home after receiving a tip about drug activity there. Patricia Ragland answered the door when the police officers knocked, and, after talking to the police, gave what the trial court ruled was a legal consent for police to search the residence. Once inside, the officers asked if appellant lived there, and Ragland told them appellant was upstairs. Several officers went upstairs, and observed Ragland's bedroom door open. Appellant was in the room, and officers testified they saw him move away from a dresser and towards the bed. Sergeant Williams testified he observed the appellant place something under the bed and then get into the bed. Sergeant Williams looked under the bed, and found a block of cocaine and a razor blade. The parties stipulated to the subsequent lab report finding this block of crack-cocaine weighed 2.1 grams.
After appellant was arrested, the officers finished searching Ragland's bedroom. The officers found a zipped black suede purse on top of the dresser, and found two large chunks of crack-cocaine inside the purse. The parties stipulated to the subsequent lab report finding these two chunks weighed a total of 76.11 grams. Sergeant Williams asked appellant who owned the crack-cocaine and appellant allegedly informed the officer they did not belong to Ragland. When asked if the chunks of crack-cocaine were his, appellant responded again they were not Ragland's. Ragland identified the purse as belonging to her, but alleged she had not used it in years. Ragland asserted she did not know how the crack-cocaine got into her bedroom, and denied any cocaine belonged to her.
 I
In his first assignment of error, appellant argues he was denied the effective assistance of counsel because counsel failed to move the court to suppress appellant's statements made after his arrest but prior to the officer's advising him of his rights pursuant to Miranda v. Arizona (1966), 384 U.S. 436.
In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court devised a two-prong standard for courts to apply in reviewing ineffective assistance claims. First, the accused must show counsel's performance was deficient, deviating from an objective standard of essential duties to his client. Secondly, the accused must then show the deficient performance prejudiced his ability to receive a fair and reliable trial. Ohio uses the Strickland test, see State v. Bradley (1989),42 Ohio St.3d 136.
Defense counsel filed a motion to suppress, but did not include as an issue for suppression appellant's statement to police that the drugs did not belong Ragland. Instead counsel focused on the legality of the consent to search, and the court did not review the issue of appellant's statements made to police at the scene of the arrest. The State admits appellant was under arrest when he made the statements, and admits appellant's statements were admitted at trial. However, the record is silent on the issue of whether appellant had been Mirandized prior to making the statement police in response to police inquiry about the ownership of the crack-cocaine.
Appellant bears the burden demonstrating in the record where the trial court committed the prejudicial error. Here, it appears this matter was never an issue before the trial court, and the record does not demonstrate any error. Unfortunately, because the record is silent on the question of when appellant was Mirandized,
this court cannot say, had counsel raised the issue, the court should have properly excluded the evidence. We find because the record is silent on this point, the matter would be more properly raised in a petition for post conviction relief made pursuant to R.C. 2945. There, appellant can provide this court with affidavits or other evidence, as appropriate, with which he can make this argument effectively.
We find the record before us does not support appellant's allegation of ineffective assistance of counsel, and for this reason, the first assignment of error is overruled.
 II
In his second assignment of error, appellant argues his conviction was against the manifest weight and the sufficiency of the evidence. At trial, appellant had conceded possession of the two gram rock of crack-cocaine, but argues the evidence does not support his conviction for possession of the remainder of the crack-cocaine found in Patricia Ragland's purse.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court had occasion to remark upon the similarities and differences in the concepts of sufficiency of the evidence and weight of the evidence. As the Supreme Court explained, the legal concepts of sufficiency of the evidence and weight of the evidence are both qualitatively and quantitatively different. Sufficiency of the evidence refers to the legal sufficiency of the evidence, and presents a question of law for the trial court. By contrast, the weight of the evidence concerns the amount of credible evidence offered in support of one side of an issue, and presents a factual determination for the jury.
In order to convict appellant of violating R.C. 2925.11, the State was required to present evidence appellant knowingly possessed a controlled substance. Appellant argues the evidence presented did not establish beyond a reasonable doubt he possessed the quantity of crack-cocaine found in Ms. Ragland's purse. Appellant urges we reverse and remand for sentencing consistent with possession of crack-cocaine in an amount less than five grams, which appellant had conceded at trial.
R.C. 2925.01 defines possession as having control over a thing or substance, although it may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises on which the substance was found. The State urges Sergeant Williams had seen appellant move away from the dresser on which the purse was found. The State urges the jury could have reasonably inferred appellant was in the process of cleaning up the drugs as the police arrived on the scene.
We have reviewed the record, and we find there was sufficient competent and credible evidence presented by the State from which the jury could reasonably determine appellant possessed the larger amount of crack-cocaine, even though it was physically in Ms. Ragland's purse. Accordingly, pursuant to Thompkins, supra, we find appellant's conviction is not contrary to the weight and sufficiency of the evidence produced at trial.
The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, P.J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed and the cause is remanded to that court for execution of sentence. Costs to appellant.